UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY SCHECHNER, et al.,

    Plaintiffs,

Case No. 2:16-cv-12409

v.

HONORABLE STEPHEN J. MURPHY, III

WHIRLPOOL CORPORATION,

    Defendant.

                                           /

**OPINION AND ORDER DENYING**
**PLAINTIFFS' MOTION TO SUBSTITUTE PARTY [47]**

Plaintiffs filed a putative class action and alleged that Defendant Whirlpool Corporation falsely advertised a self-cleaning technology featured in several of its ovens. Plaintiffs now seek to substitute the putative "Michigan Subclass representative," or in the alternative, leave to withdraw. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will deny Plaintiffs' motion.

**BACKGROUND**

In June 2016, Plaintiffs filed their initial complaint; filing of an amended complaint followed several months later. ECF 1, 5. During preliminary motion practice, the Court issued its first scheduling order. ECF 21. And after the motions were resolved, the parties filed a joint discovery plan; the Court then held a scheduling conference. ECF 32, 33. On the recommendation of the parties, the Court issued a second scheduling order that delayed the end of fact discovery by more than two months. *Compare* ECF 21 *with* ECF 35.

In August 2017, the Court held a telephonic status conference at the request of the parties. During the conference, the parties advised that they were disputing whether Defendant could inspect the ovens that were at the heart of the litigation. Plaintiffs expressed concerns about potential intrusion and the cost of having attorneys present. The Court advised that the inspections seemed reasonable, and that conducting the inspections around the times and places set for depositions could reduce costs.

A month later, the Court held a second telephonic conference at the parties' request. ECF 40. It became clear during the call that the discovery issues had escalated, so the Court appointed a discovery master. ECF 44. The discovery master then recommended compelling the oven inspection of one of the Plaintiffs: Laura Bliss. The Court agreed with the recommendation, and ordered the inspection. ECF 49. In the meantime, Plaintiffs moved to substitute out or withdraw Bliss as the Michigan Subclass representative.

**DISCUSSION**

I. Substitution

Plaintiffs seek replacement via an amendment to their complaint. ECF 47, PgID 1124. Because Plaintiffs already amended their complaint once and Defendant does not consent to a second amendment, Plaintiffs must obtain the Court's leave. Fed. R. Civ. P. 15(a)(2). Courts are typically required to grant leave when justice so requires. *Id.*

Defendant contends that here, however, the Court should apply the good cause standard under Federal Rule of Civil Procedure 16(b)(4). ECF 50, PgID 1279–80. Rule 16(b)(4) governs the modification of a scheduling order. The scheduling orders here provide that "amendment of the pleadings shall occur only by Court order." ECF 21, 35. Defendant argues that this language incorporated the deadline to amend offered in the

parties' joint discovery plan. ECF 50, PgID 1279 n.2. Defendant asserts that Plaintiffs' request is therefore a modification of the scheduling order and consequently Rule 16(b)(4) applies. The point is well taken, but the scheduling orders did not set or incorporate a deadline for amendment—they articulated how the parties could proceed to amend their pleadings. By seeking leave to amend their complaint, Plaintiffs are abiding by the scheduling orders rather trying to amend them. Rule 16(b)(4) therefore does not govern, and the Court will apply Rule 15(a)(2).

Although courts are generally liberal in permitting amendments, justice does not require leave when there is evidence of undue delay, bad faith or dilatory motive, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting leave to amend here would unduly delay the litigation. The Court has already extended discovery once, and allowing a substitution will almost certainly require another extension. Plaintiffs filed their motion with only six weeks left in discovery, and only three weeks remained once the issues had been fully briefed. As evidenced by Plaintiffs' brief, Bliss was substantially involved in the discovery to date, including document production, responses to interrogatories, depositions, and the upcoming oven inspection. ECF 47, PgID 1118–19.

Substituting in a new Michigan Subclass representative will require all that discovery to be repeated and there is still substantial pretrial litigation ahead: class certification motions will be filed and dispositive motions are likely. Granting leave to amend will therefore substantially delay the litigation. And the delay will prejudice Defendant because it will need to duplicate certain discovery costs, possibly defend against new or different

3

claims late into litigation, and potentially have to adjust its strategy to defend against class certification after already deposing most other witnesses.

Plaintiffs have not shown that the delay is warranted. In their motion, Plaintiffs contend that Bliss "no longer wishes to participate because . . . [Defendant] has insisted on a needless home inspection of her oven[.]" ECF 47, PgID 1117. By compelling the inspection, the Court has already found that the inspection is not "needless." ECF 49. And although litigation can be inconvenient, a plaintiff agrees to endure hardship when she voluntarily files a lawsuit. Bliss may now find the inconvenience outweighs the potential benefit, but that does not justify delaying the litigation. Furthermore, it is unclear whether Bliss is even resolute in her opposition to the inspection. In the conclusion of Plaintiffs' reply brief, they state that "Bliss is willing to permit [Defendant] to inspect her oven." ECF 51, PgID 1360. If Bliss will now permit the inspection, then it would appear her initial opposition does not warrant the delay that substitution would require.

In their reply brief, Plaintiffs disclosed for the first time that Bliss has medical reasons that justify her substitution even though she is willing to permit the inspection and to appear at trial by video conference. Although legitimate medical conditions would usually justify delay, the delay here appears to be caused by a lack of communication between Plaintiffs' counsel and Bliss rather than the medical condition itself. On September 25, 2017, Plaintiffs' counsel represented to Defendant that they would "try speaking with Ms. Bliss tomorrow about scheduling an inspection[.]" ECF 50-2, PgID 1326. The next day, Plaintiffs' counsel stated "we can confirm the Bliss inspection on October 25th[.]" *Id.* at PgID 1325. Plaintiffs state in their motion, however, that on October 4—more than a week after they confirmed the inspection—counsel learned that "any forced inspection would result in

4

[Bliss's] decision to no longer participate in this case." ECF 47, PgID 1120. The timing suggests that counsel inadequately communicated with Bliss when confirming the inspection and the lack of communication resulted in a week delay to learn that the inspection would be an issue; the ramifications of the delay are amplified because it occurred near the end of discovery. Furthermore, Plaintiffs' counsel attests that they did not learn of Bliss's ongoing health condition until November 9, 2017—three days after Defendant filed its response and over a month after Bliss informed counsel that a forced inspection would result in her decision to withdraw. Diligent communication would have resulted in Plaintiffs learning of the alleged need for substitution sooner, and discovery likely could have been conducted on the new Michigan Subclass representative without delaying the litigation.

In sum, the Court finds that granting leave to amend would delay the litigation and that the delay is unjustified. Justice therefore does not require the Court to grant Plaintiffs leave under Civil Rule 15(a)(2).

II. Withdrawal

In their original motion, Plaintiffs seek, in the alternative, leave for Bliss to withdraw from the litigation. ECF 47, PgID 1126. In part of their reply brief, Plaintiffs ostensibly maintain that position. ECF 51, PgID 1359. In the conclusion, however, Plaintiffs indicate that Bliss is willing to permit the inspection and "has expressed her readiness and willingness to continue to represent those class members who the Court deems to be similarly situated to her"—although she would prefer to appear via video conference at trial. *Id.* at PgID 1360. The Court will not compel a person with a legitimate medical condition to continue with litigation, but is unclear whether and on what conditions Bliss seeks to

5

withdraw or dismiss her claims. The Court will therefore give her an opportunity to file a clearer withdrawal after reflecting on whether she wants to continue.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' Motion to Substitute [47] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs may file, no later than 30 days after the date of this order, a motion to dismiss Bliss's claims. If filed, the motion should state (1) under which Federal Rule of Civil Procedure or other authority she seeks to dismiss her claims, and (2) any conditions of the dismissal. Defendant shall have an opportunity to respond in accordance with Eastern District of Michigan Local Rule 7.1(e).

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager